UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

RENEE DOCTOR,

                              Plaintiff,        **1:15-cv-00400 (MAT)**

                                                        **DECISION AND ORDER**

          -vs-

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,[1]

                              Defendant.

---

**I.   Introduction**

Plaintiff Renee Doctor ("plaintiff") brings this action pursuant to Title XVI of the Social Security Act ("the Act"), seeking review of the final decision of the Acting Commissioner of Social Security ("defendant" or "the Commissioner") denying her application for supplemental security income ("SSI"). Presently before the Court are the parties' competing motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons set forth below, plaintiff's motion is denied and defendant's motion is granted.

---

[1] Nancy A. Berryhill replaced Carolyn W. Colvin as Acting Commissioner of Social Security on January 23, 2017. The Clerk of the Court is instructed to amend the caption of this case pursuant to Federal Rule of Civil Procedure 25(d) to reflect the substitution of Acting Commissioner Berryhill as the defendant in this matter.

**II. Procedural History**

Plaintiff protectively filed an application for SSI alleging disability beginning March 1, 2007. Administrative Transcript ("T.") 74, 117-22. Plaintiff's application was initially denied, and she timely requested a hearing before an administrative law judge ("ALJ"), which occurred on July 22, 2013, before ALJ David S. Lewandowski. T. 3-54, 140-49. At the hearing, plaintiff's attorney amended her alleged onset date to February 27, 2012. T. 34. On October 17, 2013, ALJ Lewandowski issued a decision in which he found plaintiff not disabled as defined in the Act. T. 10-29. The Appeals Council denied plaintiff's request for review on March 26, 2015, rendering the ALJ's determination the Commissioner's final decision. T. 1-3. Plaintiff subsequently commenced the instant action.

**III. The ALJ's Decision**

At step one of the five-step sequential evaluation, *see* 20 C.F.R. §§ 404.1520, 416.920, the ALJ found that plaintiff had not engaged in substantial gainful activity since February 27, 2012, the alleged onset date. T. 15. At step two, the ALJ found that plaintiff had the severe impairments of neck and back pain, abdominal pain, anxiety, depression, panic disorder, and asthma. *Id.* At step three, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment. *Id.* Before proceeding to step four,

the ALJ found that plaintiff retained the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 416.967(b), with the following additional limitations: can occasionally climb, push, and pull; must avoid pulmonary irritants; is able to perform semi-skilled tasks; must have "no or limited proximity to coworkers with occasional interaction with others"; no fast-paced production rate; and no multi-tasking. T. 17. At step four, the ALJ found that plaintiff had no past relevant work. T. 23. At step five, the ALJ found that, considering plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that plaintiff could perform. T. 24. Accordingly, the ALJ found that plaintiff was not disabled as defined in the Act. T. 25.

## IV. Discussion

A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by "substantial evidence" or if the decision is based on legal error. 42 U.S.C. § 405(g); *see also Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000) (internal quotation omitted). "Where the Commissioner's decision rests on adequate findings supported by evidence having rational probative force,

3

[the district court] will not substitute [its] judgment for that of the Commissioner." *Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir. 2002). This deferential standard is not applied to the Commissioner's application of the law, and the district court must independently determine whether the Commissioner's decision applied the correct legal standards in determining that the claimant was not disabled. *Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir. 1984).

Here, plaintiff makes the following arguments in favor of her motion for judgment on the pleadings: 1) the ALJ's finding that plaintiff should have "no or limited proximity to coworkers with occasional interaction with others" was incomplete and impermissibly vague; 2) the ALJ failed to properly set forth plaintiff's limitations with respect to respiratory irritants; and 3) the ALJ impermissibly selectively rejected portions of the opinion of consultative physician Dr. Abrar Siddiqui without adequate explanation. The Court finds these arguments without merit for the reasons discussed below.

### A. The ALJ Adequately Defined Plaintiff's Non-Exertional Limitations

#### 1. The ALJ's Assessed Limitation of "No or Limited Proximity to Coworkers" was Appropriate

The ALJ in this case found that plaintiff should have "no or limited proximity to coworkers with occasional interaction with others." T. 17. In support of this conclusion, the ALJ explained

4

that he had credited plaintiff's statement to consultative examiner Dr. Gregory Fabiano that she suffered from panic if she was around "too many people."  T. 22.

Plaintiff's self-reported symptoms provide the only record support for the proposition that she is severely limited in her ability to work in proximity to others.  Dr. Fabiano opined that plaintiff was fully capable of relating adequately with others and that her psychiatric limitations were not significant enough to interfere with her ability to function of a daily basis.  T. 230. State agency review physician Dr. C. Butensky opined that plaintiff had only moderate limitations in her ability to work in coordination with or proximity to others.  T. 251.  Plaintiff's treating psychiatrist Dr. Jarod Masci declined to assess plaintiff's ability to perform work-related functions, leaving the opinions of Drs. Fabiano and Butensky as the only medical opinions as to plaintiff's social functioning.  *See* T. 346-351.

The ALJ's finding regarding plaintiff's ability to work in proximity to her co-workers is appropriately supported by the record. Indeed, the ALJ would have been justified in assessing a far less restrictive limitation, given the medical opinions of record and his well-supported finding that plaintiff was not fully credible. With respect to plaintiff's objection to the specific language used by the ALJ, plaintiff has cited to no authority for the proposition that the phrase "no or limited" is impermissibly

5

vague. ALJs are not required to use specific language in their RFC determinations, and may use phrases with "common, natural-language meanings not likely to generate misunderstanding or ambiguity. . . ." *Reynolds v. Colvin*, 2014 WL 4184729, at *4 (N.D.N.Y. Aug. 21, 2014). "Limited or no" is a phrase commonly used in the English language, and the vocational expert was clearly not confused by it. Accordingly, the Court is not persuaded by plaintiff's argument that the ALJ's use of this common phrase rendered his RFC finding incomplete and vague. Notably, this Court has previously approved RFC findings in which the ALJ concluded that a claimant should have "no or limited" proximity to coworkers. *See, e.g., Jimmerson v. Berryhill*, 2017 WL 3149370 (W.D.N.Y. July 25, 2017); *Hennelly v. Colvin*, 2017 WL 2790649 (W.D.N.Y. June 28, 2017).

### 2. The ALJ's Assessed Limitation of "Avoid Pulmonary Irritants" was Appropriate

Plaintiff has also argued that the ALJ's finding that she should avoid exposure to pulmonary irritants was impermissibly vague. The Court disagrees. The phrase used by the ALJ - "avoid pulmonary irritants" (T. 17) - tracks the language used by from Dr. Siddiqui, who opined that plaintiff should avoid exposure to "known respiratory irritants" (T. 236), and is therefore supported by the medical evidence of record.

Moreover, plaintiff's argument based on SSR 96-9p lacks merit. As a threshold issue, SSR 96-9p "addresses instances where

6

claimants have residual functional capacity for less than sedentary work." *Wilson v. Comm'r of Soc. Sec.*, 2014 WL 4826757, at *10 n.32(N.D.N.Y. Sept. 29, 2014). In this case, the ALJ found that plaintiff was capable of performing light work with additional non-exertional limitations, not less than sedentary work.

Additionally, while SSR 96-9p does indeed provide that an RFC assessment must state the extent of an environmental restriction, the ALJ's decision in this case meets that standard. The lack of any qualifier in the phrase "avoid pulmonary irritants" necessarily indicates that plaintiff should avoid any exposure to such irritants, and not just concentrated or excessive exposure. The jobs identified by the vocational expert ("VE") as compatible with plaintiff's RFC (*i.e.*, mail clerk, housekeeper, stock checker) comply with this limitation, inasmuch as they do not involve exposure to conditions such as fumes, noxious odors, dusts, mists, gases, and poor ventilation that "affect the respiratory system, eyes, or the skin." Program Operations Manual System, DI 25001.001; *see also* U.S. Dep't of Labor, *Dictionary of Occupational Titles*, Codes 209.687-1026, 299.667-014, 323.687-104. In other words, the VE does not appear to have been confused by the requirement that plaintiff avoid pulmonary irritants, and there is no reason to think any further description of the limitation would have changed the VE's testimony.

**B. The ALJ did not Improperly Split Dr. Siddiqui's Opinion**

Plaintiff's final argument is that the ALJ improperly "split" Dr. Siddiqui's opinion by selectively adopting only those portions of the opinion that were unfavorable to plaintiff. Plaintiff is incorrect. The ALJ's RFC finding is consistent with Dr. Siddiqui's opinion.

Dr. Siddiqui evaluated plaintiff on June 1, 2012. T. 232-36. On physical examination, plaintiff had a normal gait and stance and was able to squat fully and walk on her heels and toes without difficulty. T. 234. She had full range of motion in her cervical and lumbar spine, shoulders, elbows, forearms, wrists, and ankles, and straight leg raise tests were negative bilaterally. T. 235. Plaintiff had a reduced range of motion in her hips, but Dr. Siddiqui noted that she was not putting forth her full effort. *Id*. Plaintiff also had 5/5 strength in her upper and lower extremities with no significant muscle atrophy, as well as intact hand and finger dexterity and 5/5 grip strength. *Id*. Dr. Siddiqui opined that plaintiff had moderate limitations in her abilities to sit, stand, walk, climb, push, pull, and carry heavy objects. T. 236.

In his decision, the ALJ afforded Dr. Siddiqui's opinion "significant weight." T. 22. In accordance with Dr. Siddiqui's opinion, the ALJ limited plaintiff to light work with only occasional climbing, pushing, and pulling. *Id*.

8

Plaintiff argues that the ALJ's limitation to occasional climbing, pushing, and pulling is inconsistent with Dr. Siddiqui's opinion that she had moderate limitations in these areas. However, a "moderate" limitation in climbing, pushing, and pulling is adequately accounted for in a finding that plaintiff can perform those activities only occasionally. *See, e.g., Miller v. Astrue* 2012 WL 3061949, at *5 (N.D.N.Y. July 26, 2012) (doctor's opinion that claimant had a moderate limitation in climbing stairs was consistent with an RFC finding that claimant was limited to occasional climbing). Plaintiff has not cited any case law for the proposition that a moderate limitation in climbing, pushing, and pulling is not properly accounted for in an RFC analysis that limits a claimant to occasionally engaging in those activities, nor has she offered any persuasive argument to support such a conclusion.

Plaintiff also argues that a moderate limitation in walking and standing is inconsistent with light work, which requires the ability to stand or walk for about six hours in eight-hour day. Again, courts in this Circuit have held to the contrary, particularly where, as here, the medical evidence of record supports the conclusion that the claimant was capable of performing light work. *See Harrington v. Colvin*, 2015 WL 790756, at *14 (W.D.N.Y. Feb. 25, 2015) (collecting cases). As set forth above, Dr. Siddiqui's examination of plaintiff revealed essentially benign physical findings. Moreover, reviewing physician Dr. Zwi

Kahamowicz opined that plaintiff was capable of performing light work (T. 257), and there are no medical opinions in the record that assessed limitations incompatible with the ability to perform light work. In light of the medical record as a whole, the ALJ's conclusion that plaintiff was capable of light work was consistent with Dr. Siddiqui's assessment of moderate limitations in walking, sitting, and standing.

## V. Conclusion

For the foregoing reasons, plaintiff's motion for judgment on the pleadings (Docket No. 6) is denied and the Commissioner's motion for judgment on the pleadings (Docket No. 9) is granted. Plaintiff's complaint is dismissed in its entirety with prejudice. The Clerk of the Court is directed to close this case.

**ALL OF THE ABOVE IS SO ORDERED.**

                                       **s/Michael A. Telesca**
                                       _____

                                       HON. MICHAEL A. TELESCA
                                       United States District Judge

Dated:    December 27, 2017
            Rochester, New York